Nathaniel I. Helman, J.
In this article 78 proceeding the petitioner seeks a review and enforcement of a determination, dated May 21, 1974, rendered, after a fair hearing, by the New York State Department of Social Services (State). The petitioner further seeks reimbursement of funeral expenses which she. paid for the burial of both her husband and her husband’s father. A bill in the amount of $910.75, and dated October 10, 1973, is submitted with regard to the funeral expenses of petitioner’s husband, and a bill in the amount of $800, and dated October 5,1973, is submitted with regard to the funeral expenses of her husband’s father. Petitioner’s husband was a recipient of public assistance in the category of aid to the disabled, and her husband’s father was a recipient of old age assistance. The New York City Department of Social Services (City) initially denied petitioner’s application for reimbursement of these expenses, after which the petitioner sought administrative review by the State through a fair hearing. In the State’s determination of May 21, 1974, the State affirmed the City’s denial of reimbursement for the funeral expenses for petitioner’s husband, but directed the City to pay the petitioner $600 in partial reimbursement for the funeral expenses for her husband’s father.
Petitioner now claims that she is entitled to reimbursement for the funeral expenses for her husband, and further seeks to compel the City to pay her the $600 for the funeral expenses of her husband’s father, as directed by the State. The State asserts that its determination of May 21, 1974, is in all respects proper; however, the City, in a separate submission, requests the court to strike the State’s direction that the City pay to the petitioner $600.
Petitioner’s husband was a recipient of aid to the “ disabled ” within the meaning of that term as described in subdivision 2 *550 of section 323 of the Social Services Law. The disability is recognized in subdivision 1 of the commissioner’s decision, and he acknowledges the applicability to this proceeding of section 323. By the provisions of that section, upon a showing of no assets sufficient to pay the cost of burial, there being no friends or relatives willing to assume responsibility for payment of a funeral bill, ‘1 the district furnishing assistance at the time of death of the recipient shall pay the total or partial cost of burial'.” Furthermore, the provisions of section 325 state that the provisions of title 9 of the Social Services Law, of which sections 323 and 325 are a part, shall be controlling over any other inconsistent provisions of the Social Services Law. Thus, the requirements for payment in the special case of a disabled recipient who died, were fixed by the provisions of that statute. The commissioner, however, chose to read the provisions of section 141 into the rights and responsibilities of the petitioner by combining the two statutes, section 141 and section 323, reaching the conclusion that section 141 completely barred any reimbursement. Even if we were to accept his approach to the intent and meaning of this legislation, we cannot view the provisions of section 141 as mandating a denial of all reimbursement to the petitioner.
That statute provides (§ 141, subd. 3, par. [a]) that: “ When burial arrangements for a recipient of public assistance or care are made by relatives or friends of the deceased and the expense of such burial does not exceed the amount fixed by the appropriate public welfare official or the local appropriating body for similar burials in similar circumstances, such public welfare official may * * * pay part of the expenses * * * permitted by his local policy ”.
It is undisputed that the accepted maximum payment approved by the local agency is $600. Respondent, however, takes the position that once a funeral bill in excess of that amount is .submitted even in a minute sum, the agency is relieved of all responsibility and no contribution whatever need be made. As the commissioner put it: “ The agency is not required to contribute toward the cost of a funeral where same exceeds the allowable amount that the agency may pay for such funeral, which is in this case, $600. Since the appellant, who is a responsible relative, expended $910 for the funeral, the agency is not obligated to reimburse her for the cost of her husband’s funeral.” This determination obviously based on the agency’s interpretation of the statute, and not on the exercise of its discretionary powers in matters related to the payment, runs *551 counter, to the plain meaning of the statute as well as the views expressed by the Legislature which enacted this law in 1958. The legislators in setting forth a program relating, to burial of recipients of public assistance and needy persons found dead, stated that, its plan would “ expressly limit the amount which can be paid by a public welfare official, towards expense of a burial arranged by relatives or friends of the deceased, to the balance, if any, remaining after amounts paid or to be paid by relatives, friends or other sources is credited to and deducted from the cost.” (3ST. Y. Legis. Ann., 1958, p. 199; emphasis added.)
The further statement by the Legislature that the public welfare official would “ participate, in accordance with local policy *• * * when the costs do not exceed the maximum amount set by the local appropriating body,” (N. Y. Legis. Ann., 1958, p. 199.), does not, in my view, mandate an unqualified denial of reimbursement where a bill in excess of $600 is received by the representatives of the deceased, and presented to the agency. The essence of this legislation is payment of the bill, or participation in a joint payment, as the necessities require.
Any contrary interpretation of the intent and meaning of this statute can only lead to a harsh and inequitable result. To say that a surviving spouse who receives a bill in excess of $600 even in some small amount, is barred from any recovery at all, violates the spirit and-intent of the law, particularly where, as here, the widow borrowed from friends and relatives to make up the difference* Nor can the court find either logic or consistency iti the affirmative finding of the commissioner that the agency must pay up to $600 on the $800.75 bill of her father-in-law simply because appellant is not 11 a responsible relative ” of her father-in-law.
With regard to petitioner’s right to reimbursement for the funeral expenses of her husband’s father, he was a recipient of old age assistance, and section 325 of the Social Services Law (Repealed L. 1974, ch. 1080, § 3, eff. June 15, 1974, retroactive to Jan. 1,1974) is applicable. Since those expenses were incurred prior to January 1, 1974, that section still represents the applicable law. The State concluded under that section the petitioner was entitled to recover the sum of $600, and that conclusion appears in all respects a reasonable application of section 325. The City may not now attack that determination of the State for as noted in New York Jurisprudence (Yol. 1,, Administrative Law, § 161, pp. 555-556): “ In situations where *552 there are both subordinate and superior administrative authorities, as in the case of the local and the state rent administrators, it is the determination of the superior rather than the subordinate which is controlling, and a determination of the superior which modifies or changes that of the subordinate has been held to displace the determination of the subordinate with the same force and effect as if originally made by the superior.”
Accordingly, petitioner’s application is granted to the extent of (1) vacating the determination of the commissioner denying payment to the petitioner of any reimbursement for her husband’s funeral expenses, and directing a rehearing limited solely to the amount payable by respondent to the petitioner for funeral costs of her husband’s funeral, based on all of the circumstances, but not exceeding $600; (2) directing payment to the petitioner forthwith of the sum of $600 on account of the funeral bill of her father-in-law, in accordance with the determination of May 21,1974.