OPINION OF THE COURT
Elizabeth W. Pine, J.
On January 1, 1977, the six-year-old daughter of petitioner died. At the time of her death, the child was a recipient of public assistance.
The expenses of the burial arranged by petitioner totaled $864. The maximum allowable grant from Social Services for burial of a child Under age seven is $335.
Petitioner sought a burial allowance of $335 from the Department of Social Services. The request was denied and the denial affirmed after a fair hearing.
*24 The denial was based in part on a finding that the amount contracted for exceeded the maximum allowable amount for a child of this age and is thus not permitted by subdivision 3 of section 141 of the Social Services Law.
Petitioner, in this CPLR article 78 proceeding, argues that respondent’s denial "runs counter to the meaning and purpose of Social Services Law § 141.” Petitioner cites the case of Matter of Aleman v Lavine (80 Misc 2d 548), which holds that the proper interpretation of the statute is that the Department of Social Services may make partial reimbursement of burial expenses where they exceed amounts fixed by the Department of Social Services.
Similar holdings have been reached in the recent unreported cases of Bess v Toia (Supreme Ct, Westchester County, 1977), and Mendelson v Toia (Supreme Ct, Westchester County, 1977).
The court has studied these holdings and section 141 of the Social Services Law. Section 141 (subd 3, par [a]) permits reimbursement where "the expense of such burial does not exceed the amount fixed by the appropriate public welfare official or the local appropriating body for similar burials”. The holdings in the above cases appear to this court in direct contradiction to the clear language of the statute. This court finds no basis for "interpretation” of the statute in question. Its meaning is clear and unambiguous.
This court is without power to change laws it does not like or to "interpret” statutory language to mean the opposite of what is clearly stated. Therefore, however harsh the result, respondent was without power to act under section 141 of the Social Services Law.
Petition denied.