■ In the Matter of BEN MENDELSOHN, Respondent, v PHILIP L. TOIA, Individually and as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated April 1, 1977 and made after a fair hearing, which affirmed a determination of the local agency to deny petitioner's application for burial assistance, the appeal, as limited by appellants' briefs, is from so much of an order of the Supreme Court, Westchester County, dated September 27, 1977, as (1) annulled the determination and directed that petitioner be provided with a grant of funeral assistance in the amount of $650 and (2) denied appellant Bates' motion to dismiss the petition. Permission for the taking of this appeal is hereby granted by Mr. Justice Shapiro. Order affirmed insofar as appealed from, without costs or disbursements, on the opinion of Mr. Justice Ferraro at Special Term. Shapiro, J. P., Margett and O'Connor, JJ., concur; Cohalan, J., dissents, and votes to reverse the order, confirm the determination under review and otherwise dismiss the proceeding, with the following memorandum: The plain reading of section 141 of the Social Services Law indicates that if any relatives or friends, separately or collectively, pay more than the total sum of $650, "the amount fixed by the appropriate public welfare official", for the burial of an indigent, no recoupment may be had for the presumably philanthropic act. At bar, the petitioner widower admitted that he had a few dollars in the bank. That being so, he should have used those few dollars for the funeral of his wife up to $650. However large the county's treasury, it is not illimitable. Both the petitioner and the funeral director (not a party hereto) knew that the policy of the County Department of Social Services (based on that of the State) provides that the maximum total payment to the funeral director for all services is not to exceed $650. I subscribe to the rationale of *Matter of Rivera v Toia* (92 Misc 2d 23) rather than to the thoughts expressed in *Matter of Aleman v Lavine* (80 Misc 2d 548) or in the opinion of Special Term in the case at bar. In *Rivera* the court refused to permit refundable burial expenses in excess of the maximum allowable grant from Social Services. At bar the total cost involved is $1,312.42, well above the maximum allowable grant. We may well ask at what point would it become a travesty to permit recoupment of the initial $650 if relatives or friends pay

some untold sum to give a deceased a lavish funeral? I think we should support the statute and say, one may go this far and no further. I would reverse the order and confirm the determination of the county and State commissioners. [93 Misc 2d 137.]